Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTIGE CARE, INC., PRESTIGE SENIOR LIVING, LLC, CYPRESS POINT VENTURES, LLC,PRESTIGE SENIOR MANAGEMENT, LLC, CARE CENTER (ANCHORAGE), INC., GREEN VALLEY VENTURES, LLC, LAKE HAVASU TOO, LLC, SIERRA VISTA VENTURES, LLC, CHICO VENTURES, LLC, MANTECA VENTURES, LLC, MARYSVILLE VENTURES, LLC, OROVILLE ASSISTED LIVING, LLC, VISALIA VENTURES, LLC, CARE CENTER (LEWISTON), INC., CALDWELL VENTURES, LLC, PARKWOOD MEADOWS, LLC, KALISPELL VENTURES, LLC, HENDERSON VENTURES II, LLC, CARE CENTER (GLISAN), INC., CARE CENTER (HOOD RIVER), INC., CARE CENTER | Case No.: 1:17-cv-01299-AWI-SAB<br><br>**EX PARTE MOTION TO CONTINUE THE MANDATORY SCHEDULING CONFERENCE** |

-1-

| | (LANECO), INC., CARE CENTER (LINDA VISTA), INC., CARE CENTER (MENLO PARK), INC., CARE CENTER (PORTHAVEN), INC., CARE CENTER (WILLOWBROOK), INC., PCI CARE VENTURE I, INC., SUMMERPLACE ASSISTED LIVING, LLC, CARE CENTER (CAMAS), INC., CARE CENTER (CENTRALIA), INC., CARE CENTER (COLVILLE), INC., CARE CENTER (EDMONDS), INC., CARE CENTER (HAZEL DELL), INC., CARE CENTER (SULLIVAN PARK), INC., CARE CENTER (SUNNYSIDE), INC., CARE CENTER (TOPPENISH), INC., GIG HARBOR VENTURES, LLC, LIVING COURT VENTURES, LLC, ENUMCLAW VENTURES II, LLC, AND DOES 1-100, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
|---|---|---|
| | Defendants. | ) |

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") submits the following *ex parte* motion to continue the mandatory scheduling conference, which is currently set for December 19, 2017.

On September 28, 2017, the EEOC filed the instant action against Defendants. (ECF No. 1). Thereafter, the Court issued an order setting the mandatory scheduling conference for December 19, 2017. (ECF No. 12). Pursuant to that Order, the joint scheduling report is due on December 12, 2017, and the parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) by November 28, 2017. *Id.*

Good cause exists to continue the mandatory scheduling conference to a date on or after January 29, 2017. Pursuant to Local Rule 144(c), a stipulation extending time cannot reasonably be obtained and an extension is necessary for the reasons detailed below. EEOC has named thirty-eight (38) defendants, who have different registered Agents for Service. EEOC has

attempted to contact Defendants' corporate counsel as well as the counsel who represented Defendants during the investigation to request a waiver of service and/or inquire as to whether counsel is authorized to accept service on behalf of all Defendants. EEOC first contacted Defendants' outside counsel who represented Defendants during the EEOC's investigation, Kimberlee Morrow, on October 10, 2017 and provided her with the Complaint (ECF No. 1) and Order Setting Mandatory Scheduling Conference (ECF No. 12) so Defendants would be aware of the dates set by the Order Setting Mandatory Scheduling Conference. Ms. Morrow informed EEOC that she is not representing Defendants in the litigation but that she would held EEOC find out who would represent Defendants. On October 18, 2017, EEOC again contacted Ms. Morrow to follow-up via voicemail and e-mail. Ms. Morrow informed EEOC that she would get back to EEOC shortly. EEOC spoke with Ms. Morrow telephonically on October 26, 2017. On October 31, 2017, Ms. Morrow provided EEOC with contact information for Defendants' corporate counsel, Ryan Delamarter. EEOC first reached out to Mr. Delamarter on October 31, 2017. On November 7, 2017, Mr. Delamarter promised to provide EEOC's contact information for Defendants' retained counsel so Defendants' counsel could reach out to the EEOC. EEOC followed up with an email to Mr. Delamarter on the same day, November 7, 2017, and asked to be provided with Defendants' counsel's contact information but never heard back from Mr. Delamarter. EEOC also has not heard from Defendants' retained counsel.

As such, despite its best efforts, EEOC has not spoken to Defendants' counsel of record and had no choice but to serve each Defendant's registered Agent for Service individually. On November 14, 2017, EEOC commenced service on Defendants. Thus, each Defendant has twenty-one (21) days from the date of service to file a responsive pleading. Based on the dates of service, the earliest deadline for Defendants to file such responsive pleading will be December 5, 2017, which falls after the last possible date to conduct the conference of counsel pursuant to Rule 26(f) and just four calendar days before the joint scheduling report is due to the Court. EEOC also asks that the Court take into consideration the upcoming holidays, during which the conference of counsel may be challenging to coordinate due to the parties' holiday schedules. Because Defendants have not yet appeared and EEOC has had difficulty maintaining contact

with Defendants' counsel, the only attorney whose involvement EEOC is currently aware of, EEOC brings this motion *ex parte*.

Thus, EEOC respectfully requests an *ex parte* motion to continue the mandatory scheduling conference, the deadline for the Rule 26(f) conference of counsel, and the deadline for the joint scheduling report to filed until at least January 29, 2018 to allow Defendants to file their responsive pleadings before the parties are required to conduct the Rule 26(f) conference of counsel. This will allow for the parties' Rule 26(f) conference of counsel and submission of the joint scheduling report to occur after the responsive pleadings are due and after the holidays. The requested continuance will not result in any undue delay or prejudice to any of the parties, as the request is only to continue the deadlines six weeks and litigation has not yet commenced.

Accordingly, the EEOC requests that this Court continue the mandatory scheduling conference, which is currently set for December 19, 2017 until at least January 29, 2018.

Dated: November 22, 2017                    Respectfully Submitted,


/s/ Nakkisa Akhavan
Nakkisa Akhavan

Attorney for Plaintiff U.S. Equal
Employment Opportunity Commission

# **ORDER**

**FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED** that the Scheduling Conference shall be continued to February 6, 2018 at 3:30 p.m. before Magistrate Judge Stanley A. Boone. A Joint Scheduling Conference report is due one week before the new conference date. All deadlines set forth in the Order Setting Mandatory Scheduling Conference (Dkt. No. 12) will be automatically continued based on the new Scheduling Conference date.

IT IS SO ORDERED.

Dated: **November 22, 2017**

UNITED STATES MAGISTRATE JUDGE