1  Anna Y. Park, SBN 164242
2  Sue J. Noh, SBN 192134
3  Rumduol Vuong, SBN 264392
   Nakkisa Akhavan, SBN 286260
4  Jennifer L. Boulton, SBN 259076
   U.S. EQUAL EMPLOYMENT
5  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
6  Los Angeles, CA 90012
   Telephone: (213) 894-1083
7  Facsimile: (213) 894-1301
   E Mail: lado.legal@eeoc.gov
8

9  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
10 OPPORTUNITY COMMISSION

11 (*Additional counsel listed on p.3*)

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> PRESTIGE CARE, INC., PRESTIGE SENIOR LIVING, LLC, CYPRESS POINT VENTURES, LLC, PRESTIGE SENIOR MANAGEMENT, LLC, CARE CENTER (ANCHORAGE), INC., GREEN VALLEY VENTURES, LLC, LAKE HAVASU TOO, LLC, SIERRA VISTA VENTURES, LLC, CHICO VENTURES, LLC, MANTECA VENTURES, LLC, MARYSVILLE VENTURES, LLC, OROVILLE ASSISTED LIVING, LLC, VISALIA VENTURES, LLC, CARE CENTER (LEWISTON), INC., CALDWELL VENTURES, LLC, PARKWOOD MEADOWS, LLC, KALISPELL VENTURES, LLC, | Case No.: 1:17-cv-01299-AWI-SAB <br><br> **STIPULATED PROTECTIVE ORDER FOR SETTLEMENT DISCLOSURES; ORDER** |

| | |
|---|---|
| HENDERSON VENTURES II, LLC, CARE CENTER (GLISAN), INC., CARE CENTER (HOOD RIVER), INC., CARE CENTER (LANECO), INC., CARE CENTER (LINDA VISTA), INC., CARE CENTER (MENLO PARK), INC., CARE CENTER (PORTHAVEN), INC., CARE CENTER (WILLOWBROOK), INC., PCI CARE VENTURE I, INC., SUMMERPLACE ASSISTED LIVING, LLC, CARE CENTER (CAMAS), INC., CARE CENTER (CENTRALIA), INC., CARE CENTER (COLVILLE), INC., CARE CENTER (EDMONDS), INC., CARE CENTER (HAZEL DELL), INC., CARE CENTER (SULLIVAN PARK), INC., CARE CENTER (SUNNYSIDE), INC., CARE CENTER (TOPPENISH), INC., GIG HARBOR VENTURES, LLC, LIVING COURT VENTURES, LLC, ENUMCLAW VENTURES II, LLC, AND DOES 1-100, INCLUSIVE,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*Additional Counsel for the EEOC*:

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 5560
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Amos Ben Blackman, WA SBN 50331
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 220-6930
Facsimile: (206) 220-6911
E-Mail: amos.blackman@eeoc.gov

*Attorneys for Defendants (except Defendant Cypress Point Ventures, LLC)*:

Paul M. Ostroff (CSB No. 67054)
ostroffp@lanepowell.com
Beth Golub Joffe (*Admitted Pro Hac Vice*)
joffeb@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

1. PURPOSES AND LIMITATIONS

At the Settlement Conference held before U.S. Magistrate Judge Barbara A. McAuliffe on October 25, 2018, Judge McAuliffe suggested that the disclosure of certain confidential financial information and documents (in accordance with Federal Rule of Evidence 408) would likely be of assistance to the settlement process, notwithstanding that discovery in the above-captioned matter has not yet commenced. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendants[1] (collectively, the "Parties") have agreed to be bound by the terms of this Stipulated Protective Order for the limited purpose of facilitating the settlement proceedings before Judge McAuliffe, and accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. DEFINITIONS

    2.1    "CONFIDENTIAL" Information or Items:

(a) Defendants' financial information (regardless of how it is generated, stored or maintained), including: tax returns (and related documents), audit-related records, financial statements (such as balance sheets, income statements, statement of cash flows), any long-term debt agreements, loan information, monthly receivables/payables (and related details), salaries of persons with ownership interest (direct or indirect), yearly distributions or dividends to anyone with an ownership interest, and related information and documents. The parties agree that such information is also considered confidential information under 5 U.S.C. § 552(b)(4); and

(b) Analyses and reports concerning the information described in subparagraph (a).

    2.2    Counsel (without qualifier): Outside Counsel of Record and Government Counsel as defined below (as well as their support staff).

    2.3    Designating Party: a Party or Non-Party that designates information or items that it produces in settlement disclosures as "CONFIDENTIAL."

    2.4    Disclosure Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

---

[1] "Defendants" refers to all named defendants **except** Cypress Point Ventures LLC.

transcripts, and tangible things), that are produced or generated in settlement disclosures in this matter.

2.5 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.6 Government Counsel: attorneys employed by the United States Equal Employment Opportunity who have entered an appearance in this action, or whose review is necessary for evaluation and approval of any settlement. Government Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs). For purposes of this Stipulated Protective Order, the undersigned agree that the plaintiff party in this matter is the United States Equal Employment Opportunity Commission, and no other federal or state governmental agency.

2.10 Producing Party: a Party or Non-Party that produces Disclosure Material in this action.

2.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure Material that is designated as "CONFIDENTIAL." The parties agree that such information is also considered confidential information under 5 U.S.C. § 552(b)(4).

2.13 <u>Receiving Party</u>: a Party that receives Disclosure Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The term "final judgment" includes, but is not limited to, a judgment or order entered approving a consent decree.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.

Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

The scope and purpose of this Protective Order is limited to the facilitation of settlement proceedings before Judge McAuliffe, and therefore it should not necessary for any Party to challenge a confidentiality designation. A Party's disclosure of Protected Material and/or the designation of such material as "CONFIDENTIAL" pursuant to this Order does not prejudice or enhance its or any other Party's or Non-Party's rights and obligations with respect to the disclosure or protection of the same material in discovery and/or trial of the above-captioned action.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL FOR SETTLEMENT ONLY</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Government Counsel (and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBJECT TO A PUBLIC RECORDS REQUEST, A FREEDOM OF INFORMATION ACT REQUEST, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a public records request, a request pursuant to Freedom of Information Act (5 U.S.C. § 552), a subpoena, or a court order issued in other litigation that

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the request, subpoena or court order;

(b) promptly notify in writing the party who caused the request, subpoena, or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, which includes (where applicable) asserting that such Protected Material is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(4) or other applicable law.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 **Filing Protected Material**. The Parties agree that they will not file in the public record in this action any Protected Material disclosed or produced under this Protective Order, because as established under paragraph 7, use of Protected Material is limited to attempting to settle this litigation.

12.4 **No Effect Outside the Settlement Proceedings and/or on Discovery**. Nothing in this Order prejudices nor enhances the right or obligation of any Party to seek the same, similar, or related information outside the settlement proceedings; the right or obligation of any Party to object to such discovery; the right or obligation of any Party to move for a protective order regarding such discovery; and/or the right or obligation of any Party to object to, oppose,

or challenge a motion for a protective order and/or a confidentiality designation made outside the settlement proceedings.

13. <u>FINAL DISPOSITION</u>

Following the earlier of: (1) final disposition of this action, as defined in paragraph 4, (2) settlement of this action, or (3) three months after the completion of the settlement conference, as determined by Judge McAuliffe, Counsel must destroy and/or return all Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies where necessary, including, in the case of the EEOC, as required in accordance with the National Archives and Records Administration (NARA) statutes and regulations. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: <u>December 12, 2018</u>         /s/Amos B. Blackman

                                                Attorneys for Plaintiff

DATED:    December 12, 2018

                                                Attorneys for Defendants

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *EEOC v. Prestige Care, Inc. et al.*, Case No. 1:17-cv-01299-AWI-SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-14-
STIPULATED PROTECTIVE ORDER FOR SETTLEMENT DISCLOSURES

# **ORDER**

Following review, the Court HEREBY ADOPTS the Stipulated Protective Order for Settlement Disclosures submitted by the parties.

IT IS SO ORDERED.

Dated: __**December 27, 2018**__          ___/s/ Barbara A. McAuliffe___
                                            UNITED STATES MAGISTRATE JUDGE